told two or three parties that he was in with appellee on this shipment, and there is a preponderance of evidence that he promised to pay appellee one-half of this loss after it was ascertained. The jury and the trial judge believed the witnesses for appellee. There was little against their statements except an unqualified denial by appellant. In view of the law as we have hereinbefore stated it, the instructions are not seriously imperfect.

The judgment is affirmed.

*Affirmed.*

### Charles Elliott, Appellee, v. Irvin M. Kidder, Appellant.

### Gen. No. 6,118. (Not to be reported in full.)

Appeal from the Circuit Court of Ogle county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

### Statement of the Case.

Action by Charles Elliott, plaintiff, against Irvin M. Kidder, defendant, upon four promissory notes, two of which were executed by defendant payable to plaintiff and on two of which plaintiff was surety for defendant and was compelled to pay the amount due by the face of the notes, being approximately $7,000. Defendant pleaded the general issue. Plaintiff recoverded a verdict and judgment for $3,000, from which defendant appeals.

Defendant claimed that he and plaintiff were partners in various real estate deals and other transactions, and that the two and H. W. Leydig were partners in other real estate deals and other transactions. Defendant claimed that the three met at a hotel at Dixon

and had a settlement; that Leydig demanded back a note which he had given and defendant held for land in Missouri that was not worth the mortgage upon it, and that defendant surrendered that note to Leydig; that defendant then offered plaintiff certain land in Nebraska, land in Dakota, 8,000 shares of the stock of the Patterson Heat & Light Company at $1 per share, 6,500 shares of Montana Oil Stock, 2,800 shares of International Mining stock, and some shares of ice, coal and coke plant stock in St. Louis; that plaintiff consented to surrender the notes in suit for that consideration, but said he could not then deliver them because he had them in a bank in Iowa as collateral, but that he agreed to surrender them when his debt to the bank was paid. This alleged settlement, wherein these notes were to be surrendered, was sworn to by defendant and Leydig. Plaintiff denied making any such settlement or agreeing to surrender such notes. There was like evidence of a later interview confirmatory of the alleged settlement and like evidence contradicting it. There is no claim but that plaintiff's notes were valid and it is not claimed that defendant was insolvent. None of the witnesses had ever seen this Nebraska land, and none of them knew whether it was worth anything or not. It had been traded in for an automobile, but there is no proof whether the machine was old or new, nor what it was worth, or that any of the witnesses had ever seen it. None of the witnesses had ever seen the Dakota land or knew anything about its value. Defendant held a deed for it in which the grantee's name was left blank. The proposal was that he deliver that blank deed to plaintiff and let the latter either write in his own name or trade it off to some one else. Defendant was not to warrant the title or to assume any liability. None of the witnesses knew that the shares of capital stock had any value whatever.

BROOKS & BROOKS, for appellant.

R. P. SCOTT and BERT S. DUZAN, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 451*—*when evidence sufficient to support finding that no settlement made.* Evidence in an action to recover on promissory notes, examined and *held* sufficient to sustain a finding that a settlement had not been made.

2. APPEAL AND ERROR, § 1543*—*when omission in instruction not ground for reversal.* An instruction which tells the jury that the testimony of one credible witness may be entitled to more weight than the testimony of many others, if such witnesses have knowingly testified untruthfully and are not corroborated, is not ground for reversal for the omission of the element that such untruthful testimony must relate to a matter material to the issue, where the law was accurately stated in a previous instruction on the subject and the record does not show any contradiction in the testimony except upon matters material to the issue.

---

## Lucy Jones, Administratrix, Appellee, v. Crescent Coal Company, Appellant.

### Gen. No. 6,122.

1. MINES AND MINERALS, § 149*—*when failure to comply with statutory regulation implied to be wilful.* Failure of a coal mine operator to comply with the provisions of the Mines Act (J. & A. ¶¶ 7533-7575), requiring the sprinkling or spraying of roadways, will be implied to be wilful.

2. MINES AND MINERALS, § 176*—*when evidence sufficient to support finding that explosion due to failure to sprinkle roadway.* In an action against a coal mine operator to recover for the death of a shot firer alleged to have been caused by an explosion resulting from a failure of defendant to sprinkle the roadways of its mine in accordance with the requirements of the Mines Act (J. & A. ¶¶ 7533-7575), evidence examined and *held* to support a verdict for plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.